# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.G.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF DESERT VIEW ANNEX IN ADELANTO, et al,<br><br>Respondent. | Case No. 5:26-cv-03614-SPG-DMK<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, (ECF No. 1 ("Petition")), the records on file, and the Report and Recommendation of the United States Magistrate Judge (ECF No. 18 ("Report" or "R. & R.")). The Court has also reviewed the Government's Objections to the Report (ECF No. 20 ("Objections")). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends granting the Petition, which claims the Government failed to comply with the requirements for revoking Petitioner's Order of Supervision. The Report also recommends ordering the Government to immediately release Petitioner from custody, subject to the conditions of his prior release; directing the Government to return

to Petitioner at the time of his release all confiscated documents and possessions; and permitting Petitioner to submit an application, within 30 days of final judgment in this action, requesting costs and reasonable attorney's fees under the Equal Access to Justice Act. The Government's Objections do not merit a different result. For the reasons set forth below, the Court GRANTS Petitioner's Petition and LIFTS the administrative stay issued on September 4, 2026.

## A. BACKGROUND

Because the Report already recounts the factual background of this action in detail, the Court will not repeat those details here. In brief, Petitioner is a Guatemalan citizen, who was released from detention on October 24, 2016, on an Order of Supervision. (R&R at 1–2 (citing ECF No. 8-1 (sealed) at 4).) Petitioner has a pending application for asylum, withholding of removal, and protection under the Convention Against Torture, and it appears from the record that he is scheduled to attend a hearing on its status on October 14, 2026. (*Id.* at 2.) On April 19, 2026, Petitioner was arrested for driving under the influence. (*Id.*) After spending the night in the custody of local law enforcement, Petitioner was released and then immediately detained by immigration authorities. (*Id.*) On the same date that he was arrested, Petitioner was provided with a warrant of arrest and notice of custody determination. (*Id.*) Petitioner is not fluent in any other language besides Mam, an indigenous Mayan language, and he was not provided with an interpreter before his re-detention. (*Id.*).

On June 30, 2026, Petitioner sought habeas relief for the violation of his Fifth Amendment right to due process, based on the Government's failure to provide him with a hearing before re-detaining him and revoking his Order of Supervision. (*Id.*; *see also* Pet.) On July 1, 2026, Petitioner filed an ex parte application to lodge certain exhibits, including Petitioner's Order of Supervision, under seal. (ECF No. 8; *see also* ECF No. 19 (granting application to file exhibits under seal).) On September 1, 2026, the Government filed a Notice of Intended Removal, which states that the Government intends to remove

Petitioner to Guatemala on or after September 8, 2026. (ECF No. 15.) On September 4, 2026, the Magistrate Judge issued an administrative stay pending the District Judge's review of the Report and any objections to the Report. (ECF No. 16.) In response, the Government objected to the administrative stay, arguing that the Court lacks jurisdiction under 8 U.S.C. § 1252(g) to enjoin or stay removals to the country designated on a final removal order. (ECF No. 17 ("Objections to Stay") at 2.)

On September 9, 2026, the Magistrate Judge issued the Report, which recommends granting the Petition because the Government failed to comply with the requirements for revoking Petitioner's Order of Supervision. (R. & R.) On September 10, the Government challenged the Report, arguing that, even if there were a deficiency in Petitioner's release revocation, the proper remedy is more narrowly tailored than the release of Petitioner. (Objections at 2–4.) The Government also briefly notes in the introduction, though it does not elaborate in its argument, that (i) Petitioner was released on an order of recognizance and was "subject to 8 C.F.R. § 241.4(d), not 8 C.F.R. § 241.3"; and (ii) Petitioner's allegations of unlawful detention would have been resolved by the Order of Removal, if not for the imposition of the administrative stay. (Obj. at 2.)

**B. DISCUSSION**

As an initial matter, the Court addresses its jurisdiction to impose an administrative stay. A court may issue an administrative stay pursuant to its "inherent authority to manage its docket, as well as to the All Writs Act, 28 U.S.C. § 1651." *United States v. Texas*, 144 S. Ct. 797, 798 n.1 (2024) (Barrett, J., concurring); *see also id.* at 798 ("Administrative stays do not typically reflect the court's consideration of the merits of the stay application. Rather, they freeze legal proceedings until the court can rule on a party's request for expedited relief.") (quotations omitted). The purpose of such stays is to "buy the court time to deliberate when issues are not easy to evaluate in haste." *Id.* at 798. Although the Government claims that it is improper to issue an administrative stay pursuant to the All Writs Act if a District Court lacks subject matter jurisdiction under 8

U.S.C. § 1252(g), (Obj. to Stay at 2 n.1), at the time that the Notice was filed, the Court had yet to determine whether it had jurisdiction over Petitioner's due process claim. *See Ibarra-Perez v. United States*, 154 F.4th 989, 997 (9th Cir. 2025) (explaining § 1252(g) does not prohibit challenges to unlawful practices merely because they are connected to removal orders); *see also Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (holding § 1252(g) does not prevent the district court from exercising jurisdiction over the plaintiffs' due process claim). It was therefore proper for the Court to impose an administrative stay until it determined whether it had jurisdiction to entertain the action. *See Doe v. Bondi*, No. 25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) (explaining that a federal court "retain[s] jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case"); *see also Zheng v. Noem,* No. EDCV 26-0675 JGB (RAOx). 2026 WL 431141, at *1 (C.D. Cal. Feb. 13, 2026) (enjoining petitioner's removal from the United States to preserve the court's jurisdiction pending a decision on the petition). As the Court has now determined it does not have jurisdiction to enjoin the Government from executing the removal order, it lifts the stay. *See, e.g., Olivia v. Marin*, No. 5:26-cv-02120-AB, 2026 WL 2111873, at *2 n.1 (C.D. Cal. May 6, 2026) (lifting stay). Because, however, Petitioner's claims do not ask the Court to enjoin or stay removal, the Court finds it retains jurisdiction to consider the Petition regarding the legality of Petitioner's present detention. *Hadi v. Noem*, No. 26-cv-255-RSH-JLB, 2026 WL 221797, at *2 (S.D. Cal. Jan. 28, 2026) ("The fact that Respondents have now made travel plans for Petitioner does not divest the Court of

authority to consider the lawfulness of Petitioner's detention").[1]

As to the Report itself, the Government's objections are not persuasive. First, the Government claims that Petitioner's release was properly revoked for an individual released on an order of recognizance under 8 C.F.R. § 241.4(d). (Obj. at 2.) The Government's support for this assertion is unclear. As an initial matter, the Petition repeatedly states that Petitioner was released on an order of supervision. (*See, e.g.,* Pet. ¶¶ 1, 2, 3, 4, 5, 7.) The Court is also in receipt of a copy of Petitioner's Form I-220B, an Order of Supervision issued in October 2016, which supports Petitioner's assertions. (*See* ECF No. 8-1 (lodged under seal) at 4.) The Government does not explain its basis for disputing Petitioner's factual claims. (*See* Obj.) As the Report explains, for a noncitizen's release to be revoked under § 241.4 and § 241.13, the Government must notify a noncitizen of the reasons for revocation of parole and give them an initial informal interview after the noncitizen's return to service custody. (R. & R. at 5.) Moreover, § 241.4 requires that the immigration authorities provide a noncitizen with a copy of the decision setting forth the reasons for the continued detention. (*Id.*) Contrary to the Government's objections, Petitioner's release was not proper because the Government failed to comply with these requirements. (*See id*. at 6.)

Indeed, even if the Government did provide evidence that Petitioner was released on an order of recognizance, the record still does not indicate that revocation was proper because Petitioner does not appear to have been provided with basic due process protections, such as notice of the reasons for revocation of his release or any opportunity

---

[1] The Government asserts that Petitioner's claims would have been "resolved by Petitioner's lawful removal," if not for the temporary stay. (Obj. at 2.) The Court does not find this objection persuasive for reasons including, but not limited to, the fact that Petitioner's Notice of Removal did not state an exact date by which his detention would end. (*See* ECF No. 15-1 (scheduling transfer outside the Central District of California "on or after" September 8, 2026).) In any event, this Order does not restrain the Government from taking any and all lawful steps to effectuate Petitioner's removal.

to be heard. (*Id.*); *cf. Villatoro v. Mullin*, No. 5:26-cv-04488-MWC-DSR, 2026 WL 2507725, at *8 (C.D. Cal. Aug. 25, 2026) (finding the petitioner's release on an order of recognizance "conferred a conditional liberty interest that may not be withdrawn without constitutionally sufficient process"); *R.N.G. v. Semaia*, No. 5:26-cv-2839-DSR, 2026 WL 2089544, at *6 (C.D. Cal. July 14, 2026) (finding a "high risk" of erroneous deprivation of liberty where the government did not produce its evidence of changed circumstances and give the petitioner an opportunity to challenge the evidence).

Second, the Government claims that immediate release is not a "narrowly tailored remedy" to Petitioner's claim. (Obj. at 3.) Rather than offer an alternatively tailored remedy, the Government claims that the burden is on the moving party to show that ordering release would be narrowly tailored to rectify the deficiencies in its revocation of Petitioner's Order of Supervised Release. (*Id.* at 3–4.) Contrary to the Government's arguments, courts have determined that, where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *Rokhfirooz v. Larose*, 804 F.Supp.3d 1095, 1099 (S.D. Cal. 2025) (collecting cases); *see also Morales Sanchez v. Bondi*, 811 F.Supp.3d 1166, 1176 (C.D. Cal. 2025) (petitioner entitled to release where the notice of revocation was "facially deficient, procedurally flawed, and legally insufficient to satisfy either 8 C.F.R. § 241.13(i)(3) or basic due process protections"); *Rombot v. Souza*, 296 F.Supp.3d 383, 388 (D. Mass. 2017) (releasing petitioner because "where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute, like the opportunity to be heard, and ICE fails to adhere to it, the challenged action is invalid") (quotations omitted). The Court reaches the same conclusion here.

//

//

//

//

## CONCLUSION

Accordingly, the Court ORDERS as follows:

1. The Report is ACCEPTED and ADOPTED;

2. The Petition is GRANTED;

3. The Government is ORDERED to immediately release Petitioner J.M.G. (A# 088-452-163) from custody, subject to the conditions of his prior release;

4. The Government is ORDERED to return to Petitioner at the time of his release all confiscated documents and possessions; and

5. Petitioner may submit an application, within 30 days of final judgment in this action, requesting costs and reasonable attorney's fees under the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(B));

6. Judgment shall be entered granting the Petition and enjoining the Government as set forth above;

7. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: September 16, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE